1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   IN THE MATTER OF:                )   No. CV 07-191-PHX-SMM
                                     )
10  TFS Electronic Manufacturing Services,)  BK-05-15403-PHX-RTV
    Inc.,                            )
11                                   )   ADV. No. 06-307
            Debtor.                  )
12                                   )
    _____ )   ORDER
13                                   )
    Avocent Corporation,             )
14                                   )
            Claimant   and   Counter-)
15          Defendant,               )
                                     )
16  vs.                              )
                                     )
17  TFS Electronic Manufacturing Services,)
    Inc. ,                           )
18                                   )
            Respondent  and  Counter-)
19          Plaintiff.               )
    _____ )

20

21

22          Pending before the Court is Debtor/Respondent/Counter-Plaintiff TFS Electronic

23  Manufacturing Services, Inc.'s ("TFS") Motion pursuant to 28 U.S.C. § 157(d) and Federal

24  Rule of Bankruptcy Procedure 5011 to withdraw the reference of Adversary No. 06-307,

25  which involves a dispute between TFS and Claimant and Counter-Defendant Avocent

26  Corporation ("Avocent"), to the Bankruptcy Court and consolidate this case with a related

27  action, CV-06-1586-PHX-SMM.  (Dkt. 2.)   TFS requests that this Court withdraw the

28  reference in its entirety for all purposes or, in the alternative, for the limited purpose of

1  pretrial discovery and pretrial dispute resolution matters.  (Dkt. 2.)  TFS also requests that
2  this action be consolidated.  (Id.)

3                              **FACTUAL BACKGROUND**

4          TFS commenced Adversary Proceeding No. 06-307 (the "Adversary Proceeding") by
5  objecting to a proof of claim filed by Avocent in the bankruptcy.  (Dkt. 2 at 2.)  TFS asserted
6  a counterclaim against Avocent and filed a third-party action against Topsearch Printed
7  Circuits (HK), Ltd. ("Topsearch").  (Id.)

8          The parties' dispute stems from a contract, entered into by TFS and Avocent, whereby
9  TFS agreed to manufacture Avocent's product, the Blackhawk Assembly (the "Contract").
10 The Blackhawk contained a printed circuit board (the "PCB"), which Avocent designed.
11 TFS ordered the PCBs from Topsearch, a PCB manufacturer.   After thousands of
12 Blackhawks were shipped worldwide, Avocent halted production by TFS after three
13 Blackhawks failed during pre-shipment testing.  Avocent subsequently required a total recall
14 of all products.  TFS claims to have suffered significant damages as a result of, *inter alia*, the
15 production halt and recall.  (Dkt. 2.)   TFS sued Avocent, alleging that its design was
16 defective, and Topsearch, alleging that its manufacture of the PCBs was defective.

17         After it was sued, Topsearch demanded a jury trial and moved to withdraw the
18 reference as to the claims against it alone.  TFS stipulated to withdrawal of the reference as
19 to Topsearch alone.   On June 29, 2006, this Court entered an Order withdrawing the
20 reference of TFS's claim against Topsearch only.   See TFS Electronic Manufacturing
21 Services, Inc. v. Topsearch Printed Circuits (HK) Ltd., CV-06-1586-PHX-SMM ("TFS v.
22 Topsearch"), Dkt. 8.

23         Currently, TFS's action against Avocent remains in the Bankruptcy Court.  There,
24 Avocent requested that the proceeding be dismissed or abated pending dispute resolution
25 proceedings, purportedly required by a provision in the Contract.  TFS responded that dispute
26 resolution proceedings had been undertaken.  Avocent and TFS agreed to resolve that
27 disagreement by committing to mediation after limited discovery.  Accordingly, they asked

28

1   the Bankruptcy Court to abate the Adversary Proceeding pending such efforts. Topsearch

2   also agreed to proceed with limited discovery and mediation. Pending such action, the

3   Adversary Proceeding has effectively been abated and the Bankruptcy Court has taken no

4   further action in its administration.

5          A preliminary pretrial conference was held in <u>TFS v. Topsearch</u> on January 4, 2007.

6   There, counsel for both parties discussed the nature of the dispute among TFS, Avocent, and

7   Topsearch and the possibility of settlement, including the facilitation of settlement

8   discussions by a mediator or Magistrate Judge. In response to questions from the Court, TFS

9   represented that withdrawal of the reference, which would bring Avocent, Topsearch and

10  TFS into a single proceeding, would provide a mechanism for more efficient discovery and

11  case adminstration, including any dispute resolution efforts.

12                                    **DISCUSSION**

13         Bankruptcy cases arising in the District of Arizona are referred to the Bankruptcy

14  Court pursuant to the District Court's General Order of Reference 01-15. Title 28, United

15  States Code, § 157 explains the procedure for returning a case to District Court:

16                    The district court may withdraw, in whole or in part, any

17                    case or proceeding referred under this section, on its own motion

18                    or on timely motion of any party, for cause shown. The district

19                    court shall, on timely motion of a party, so withdraw a

20                    proceeding if the court determines that resolution of the

21                    proceeding requires consideration of both title 11 and other laws

22                    of the United States regulating organizations or activities

23                    affecting interstate commerce.

24  28 U.S.C. § 157(d). This language contains two distinct provisions: the first sentence allows

25  permissive withdrawal, while the second sentence requires mandatory withdrawal in certain

26  situations. "The burden of demonstrating both mandatory and discretionary withdrawal is

27  on the movant." <u>In re U.S. Airways Group, Inc.</u>, 296 B.R. 673, 667 (E.D.Va. 2003).

28                                        - 3 -

1   There is no statutory definition of what constitutes "cause shown" under 28 U.S.C.
2   § 157(d).  Typically, courts will first consider whether the proceeding is core or non-core,
3   and will thereafter evaluate a number of factors, including whether there has been a jury
4   demand and judicial economy considerations. In re Lars, Inc., 290 B.R. 467, 469 (D.P.R.
5   2003).   However, withdrawal need not be complete.   The Court has the option of
6   withdrawing the entire adversary matter, or only certain proceedings. Id.  The Ninth Circuit
7   counsels that "a district court should consider the efficient use of judicial resources, delay
8   and costs to the parties, uniformity of bankruptcy administration, the prevention of forum
9   shopping, and other related factors."   Security Farms v. International Brotherhood of
10  Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997), citing
11  In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).

12      In this case, TFS appears to be moving for permissive withdrawal of a core proceeding
13  under 28 U.S.C. § 157(d).  See Dkt. 2 at 4 (TFS's action against Avocent appears to be a core
14  proceeding because it is a counterclaim in response to Avocent's proof of claim, a proceeding
15  involving liquidation of an asset of the bankruptcy estate, and an adjustment of the debtor-
16  creditor relationship).  TFS offers several reasons in favor of withdrawing the reference of
17  its action against Avocent and consolidating it with its case against Topsearch. See id. at 3-6.
18  The Court is primarily concerned with the reason discussed at the preliminary pretrial
19  conference:  pretrial proceedings, such as discovery and dispute resolution procedures based
20  on that discovery, will be handled more efficiently if all three parties are before this Court.
21  See Dkt. 2 at 5.

22      Although Avocent has not filed an opposition to TFS's Motion to withdraw the
23  reference and consolidate, and thus is deemed to consent to the Motion,[1] Topsearch opposes
24  consolidation of the TFS v. Topsearch matter with the instant Adversary Proceeding for all
25  purposes because Topsearch has demanded a trial by jury, whereas Avocent and TFS have

26
27      [1]  See LR Civ 7.2(i).
28                          - 4 -

waived their rights to a jury trial. <u>See</u> CV-06-1586, Dkt. 45 at 2. Topsearch agrees with TFS that "there is some judicial efficiency in consolidating these matters for pretrial purposes" alone, but requests that any consolidation order not merge both suits into a single cause of action and not change or enhance the procedural rights the parties asserted prior to consolidation. <u>Id.</u> Topsearch's point is well-taken.

This is not the proper time for the Court to decide whether the Adversary Proceeding should be withdrawn and consolidated with the <u>TFS v. Topsearch</u> matter for all purposes. However, the Court concludes that the efficient use of judicial resources, delay, costs to the parties, and the uniformity of bankruptcy administration all favor withdrawing the reference of the instant Adversary Proceeding to the Bankruptcy Court for purposes of conducting discovery that leads to an early dispute resolution procedure. <u>See</u> <u>Security Farms</u>, 124 F.3d at 1008. Moreover, given the overlapping questions of law and fact present in both the <u>TFS v. Topsearch</u> case and the instant case, conducting discovery in separate actions would only ensure the duplication of effort amongst all three parties and needlessly waste judicial resources. Because consolidating this matter and the <u>TFS v. Topsearch</u> case into one suit for the purposes of conducting discovery will benefit the Court and the parties by leading to an early dispute resolution procedure, avoiding duplication of discovery, and minimizing costs, the Court, on its own motion, finds it appropriate to consolidate these actions for pretrial purposes under Federal Rule of Civil Procedure 42(a).

Accordingly,

**IT IS HEREBY ORDERED GRANTING** TFS's Motion to Withdraw the Reference of Adversary Proceeding 06-307 to the Bankruptcy Court. (Dkt. 2.)

**IT IS FURTHER ORDERED THAT REFERENCE IS WITHDRAWN** of TFS's claim against Avocent, in Adversary No. 06-307 filed in Bankruptcy No. 05-15403-PHX-RTV, for the limited purpose of conducting discovery that leads to an early dispute resolution procedure only, with trial to proceed in the Bankruptcy Court.

1  **IT IS FURTHER ORDERED DENYING** TFS's Motion to Consolidate this action

2  with <u>TFS v. Topsearch</u>, CV-06-1586-PHX-SMM, for all purposes without prejudice to TFS

3  refiling this Motion at a later time.  (Dkt. 2.)

4  **IT IS FURTHER ORDERED DENYING** TFS's Motion to Consolidate this action

5  with <u>TFS v. Topsearch</u>, CV-06-1586-PHX-SMM, for pretrial proceedings alone on the

6  grounds that the request fails to conform to LRCiv 42(a)(2).

7  **IT IS FURTHER ORDERED CONSOLIDATING** the present case with <u>TFS v.</u>

8  <u>Topsearch</u>, CV-06-1586-PHX-SMM, for pretrial proceedings <u>only</u>.  Under the facts of this

9  case, Rule 42(a) of the Federal Rules of Civil Procedure, which allows the Court to order

10  consolidation of actions on its own motion, supersedes LRCiv 42(a)(2), which requires a

11  motion to consolidate to be filed in each case.

12  **IT IS FURTHER ORDERED** that the Clerk of Court shall amend the caption of <u>TFS</u>

13  <u>v. Topsearch</u>, CV-06-1586-PHX-SMM, to properly depict Avocent Corporation as a

14  defendant in that proceeding.

15  **IT IS FURTHER ORDERED** that all future filings relating to the instant case and

16  <u>TFS v. Topsearch</u> shall be filed in CV-06-1586-PHX-SMM with a caption depicting TFS as

17  "Plaintiff" and Topsearch and Avocent as separate "Defendants."

18  **IT IS FURTHER ORDERED** that consolidation as set forth herein does not change

19  or enhance the procedural rights that TFS and Avocent asserted before consolidation.

20  **IT IS FURTHER ORDERED** that the Clerk provide a copy of this Order to the

21  Honorable Redfield T. Baum, Sr., United States Bankruptcy Court for the District of

22  Arizona.

23  DATED this 2nd day of February, 2007.

24

25

26  Stephen M. McNamee
   United States District Judge

27

28  - 6 -